IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR 192-108
)
)
RAYMOND OUTLER )

ORDER

Before the Court in the captioned criminal case is Defendant Raymond Outler's *pro se* Petition for a Writ of *Audita Querela*, filed pursuant to 28 U.S.C. § 1651.

In 1993, after being convicted by a jury of armed bank robbery, use of a firearm during commission of a violent felony, and of possession of a firearm by a convicted felon, Defendant was sentenced to 240 months imprisonment. Defendant appealed, and the conviction was affirmed by the Eleventh Circuit Court of Appeals. United States v. Outler, 37 F.3d 637 (11th Cir. 1994) (Table), cert. denied, 513 U.S. 1098 (Jan. 9, 1995).

Thereafter, Defendant filed several motions under various rules and statutes seeking relief from his conviction and sentence. For instance, he filed a motion under Federal Rule of Criminal Procedure 33, which was recharacterized as a motion under 28 U.S.C. § 2255 and denied. Defendant

unsuccessfully appealed the denial of this converted motion. See Outler v. United States, No. 96-8276 (11th Cir. June 24, 1998). Defendant then requested permission from the Eleventh Circuit to file a successive § 2255 motion, which was denied on July 8, 2003. See In re: Raymond Outler, No. 03-13265-B (11th cir. July 8, 2003). Also in July 2003, Defendant filed a motion to modify his term of imprisonment under 18 U.S.C. § 3582(c), which was denied by this Court. In 2004, Defendant again attempted to obtain relief pursuant to § 2255. This petition was ultimately dismissed as time-barred by the Antiterrorism and Effective Death Penalty Act ("AEPDA"). Defendant's appeal from this determination was affirmed in Outler v. United States, 485 F.3d 1273 (11th cir. 2007), cert. denied, 128 S. Ct. 1443 (Feb. 25, 2008).[1]

Presently, Defendant has filed a petition for a writ of *audita querela*, asserting two claims: (1) his statements made during in-custody interrogations were improperly admitted at

---

[1] Defendant also filed a petition under 28 U.S.C. § 2241 in the Southern District of West Virginia, which denied relief. The Fourth Circuit affirmed the denial of relief on June 13, 2002. See Outler v. Conley, 36 Fed. Appx. 525 (4th Cir. 2002) (unpublished *per curiam* opinion). Outler also filed a petition for mandamus in the Fourth Circuit, which was denied. See In re Raymond Outler, 19 Fed. Appx. 87 (4th Cir. 2001). Defendant then filed a Rule 60(b) motion, Federal Rules of Civil Procedure, in the Southern District of West Virginia. The motion was denied. His appeal from this determination was affirmed by the Fourth Circuit on November 4, 2004. Outler v. Conley, 112 Fed. Appx. 284 (4th Cir. 2004) (unpublished *per curiam* opinion), cert. denied, 125 S. Ct. 1722 (Mar. 25, 2005).

trial in violation of Miranda v. Arizona, 384 U.S. 436 (1966), see Mot. at 8-12 (citing Miranda, 384 U.S. 436, and Dickerson v. United States, 530 U.S. 428 (2000)); and (2) his conviction for use of a firearm in commission of a violent felony violates Bailey v. United States, 516 U.S. 137 (1995), see Mot. at 12-16.

Once again, this Defendant attacks the validity of his criminal sentence - and, as Defendant clearly understands, this sort of collateral challenge is brought by filing a petition under § 2255. Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Defendant steadfastly maintains, however, that because the § 2255 avenue is no longer available given AEDPA's statute of limitations and rules against successive petitions, he seeks relief pursuant to the ancient writ of *audita querela*.

A writ of *audita querela* "is a slender reed upon which to lean." United States v. Banda, 1 F.3d 354, 357 (5th Cir. 1993). It is an ancient writ, long ago abolished in federal civil proceedings, see Fed. R. Civ. P. 60(b) advisory committee note, and having questionable relevance to criminal sentences. See United States v. Reyes, 945 F.2d 862 (5th Cir. 1991); United States v. Holder, 936 F.3d 1 (1st Cir. 1991);

United States v. Ayala, 894 F.2d 425 (D.C. Cir. 1990).[2] It is, by definition, a remedy "available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses," Blacks Law Dictionary 126 (7th ed. 1999), although it has been expanded to permit any defendant to obtain relief because of some legal defense arising after the judgment, Banda, 1 F.3d at 357. Under either a broad or narrow definition, however, it only potentially survives in the federal criminal context under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502 (1954), and the All Writs Act to fill in the gaps in the current system of post-conviction relief. United States v. Valdez-Pacheco, 237 F.3d 1077, 1079-80 (9th Cir. 2001.)

Assuming the writ is available "to fill in the gaps" in a criminal context, it is not available to challenge a sentence when a defendant's contentions could otherwise be raised in a motion pursuant to § 2255 because, in such a case, there is no gap to fill. Banda, 1 F.3d at 357; Valdez-Pacheco, 237 F.3d at 1080. Stated another way, a defendant may not use an extraordinary writ, such as the writ of *audita querela*, solely to circumvent the restrictions on filing §

---

[2] Of note, in United States v. Morgan, 346 U.S. 502 (1954), the Supreme Court held that the writ of *coram nobis* was still available in criminal proceedings; however, there has been no comparable Supreme Court holding with respect to the writ of *audita querela*.

4

2255 motions. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding "that a petition for writ of *audita querela* may not be granted when relief is cognizable under § 2255" and treating petition for writ of *audita querela* as successive § 2255 motion), cited in United States v. Doyharzabal, 2009 WL 1396795 (11th Cir., May 20, 2009); see also United States v. Laury, 2009 WL 1676096 (5th Cir. June 16, 2009) (in denying a petition for a writ of *audita querela*, stating "the fact that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable").

Upon the foregoing, the obscure and questionable writ of *audita querela* is clearly not a means by which Defendant may circumvent seeking relief pursuant to § 2255. Accordingly, Defendant's motion is DENIED.

SO ORDERED this 27th day of July, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

5